1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALLEN PECKHAM,

Plaintiff,

v.

JOSEPH LEHMAN,

Defendant.

Case No. C04-5720FDB

REPORT AND
RECOMMENDATION

**NOTED FOR:**
**JUNE 17th , 2005**

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. Before the court is defendant's motion to dismiss for failure to state a claim. The defendants argue this action is barred by a running of the statute of limitations. (Dkt. # 4).

A response was filed and plaintiff argues that the concepts of accrual, conspiracy, favorable termination, and equitable tolling should apply to this action. Three of the concepts accrual, conspiracy, or equitable tolling, could render the defendant's statute of limitations argument invalid. The fourth

REPORT AND RECOMMENDATION - 1

1  concept, favorable termination, would result in dismissal without prejudice.  (Dkt. # 14).

2       Defendants have replied and show that the concepts of accrual or conspiracy do not apply to

3  the facts of this case.  (Dkt. # 18).  While the defendants also argue favorable termination would

4  result in dismissal without prejudice the court disagrees that the concept is applicable to the facts of

5  this case.  Review of the doctrine of equitable tolling convinces the court the doctrine is inapplicable

6  to the facts of this case. Accordingly the undersigned recommends that this action be **DISMISSED**

7  **AS TIME BARRED**.

8  FACTS

9       Plaintiff was an inmate.  Plaintiff alleges he had an earned early release date of August 16th,

10  1997,  (Dkt. # 15).  Plaintiff was not released by the Department of Corrections until April 16th,

11  1999.  When he was released from prison on April 16th, 1999, he was held for civil commitment

12  proceedings by parties who are not named defendants in this action.

13       This action was not filed until October 27th, 2004.  (Dkt. # 1).  Plaintiff filed this action

14  claiming the Secretary of the Department of Corrections is liable for holding him past his earned

15  early release date.  (Dkt. # 1).

16  DISCUSSION

17       42 U.S.C. § 1983, the Civil Rights Act, contains no statute of limitations.  The statute of

18  limitations from the state cause of action most like a civil rights act is used.  Usually this is a states

19  personal injury statute.  In Washington a plaintiff has three years to file an action.  Rose v. Rinaldi,

20  654 F.2d 546 (9th Cir 1981).  Plaintiff was first aware he was being held past his earned early release

21  date on August 16th, 1997 when he was not released.  He could not file a civil rights action at that

22  time as he would have been challenging fact or duration of confinement.  Heck v. Humphrey, 512

23  U.S. 477 (1994).  The alleged violation was ongoing until April 16th, 1999 when he was released.

24  This was when his alleged injury manifest as plaintiff could file an action claiming damages for

25  allegedly holding him past his release date.  Plaintiff had until April 16th, 2002 to file an action.  This

26  action was commenced on October 27th, 2004 when plaintiff paid the filing fee and submitted the

27  complaint.  (Dkt. # 1).  The statue of limitation had run nearly 30 months earlier.

28  REPORT AND RECOMMENDATION - 2

1      A court may dismiss a claim under Fed.R.Civ.P. 12(b)(6) if it appears beyond doubt that the

2  plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief.

3  Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983), citing; Conley v. Gibson, 355 U.S. 41,

4  45-56 (1957).  Dismissal for failure to state a claim may be based on either the lack of a cognizable

5  legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  Balistreri v.

6  Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as

7  admitted and the complaint is construed in the plaintiff's favor.  Keniston v. Roberts, 717 F.2d 1295

8  (9th Cir. 1983).  However, a plaintiff must plead factual allegations with specificity; vague and

9  conclusory allegations fail to state a claim for relief.  Colburn v. Upper Darby Township, 838 F.2d

10  663, 666 (3rd Cir. 1988).

11      Plaintiff argues his case of action did not accrue until the state court declared the holding of a

12  similarly situated person was improper.  (Dkt. # 30, page 2)(citing In re Dutcher, 114 Wn. App 755

13  (2002)).  This argument is without merit.  A decision in Dutcher is not an element of plaintiff's case.

14  The Dutcher decision represents a legal decision that Mr. Dutcher's continued incarceration was

15  improper.  The holding was not a factual element of plaintiff case, it was a legal determination that

16  the facts stated a viable claim.  The discovery rule as argued by plaintiff is not applicable to the facts

17  of this action.

18      Plaintiff next argues conspiracy but he has not named the proper defendants for that claim.

19  Plaintiff has not named any of the persons responsible for his civil commitment in this action.

20  Further, he has presented no evidence showing bad faith.  Del Guzzi Constr. Co. v. Global

21  Northwest Ltd., 105 Wn.2d 878, 885, 719 P.2d 120 (1986); Millay v. Cam, 135 Wn.2d 193, 206,

22  955 P. 2d 791. (1998).

23      Plaintiff argues he is entitled to equitable tolling but fails to show any action by the state that

24  prevented him from filing an action earlier.  Thus, the doctrine of equitable tolling does not appear

25  applicable to this case.  Plaintiff knew all the facts needed to file this action and was able to file on

26  September 16th, 1998.  He failed to file within the three year time period.  Accordingly, this action is

27  time barred and should be **DISMISSED WITH PREJUDICE**.

28  REPORT AND RECOMMENDATION - 3

1    Finally, plaintiff argues his case should be dismissed without prejudice so that he can

2  challenge the validity his current civil commitment.  Heck v. Humphrey, 512 U.S. 477 (1994).

3  Plaintiff's reliance on Heck v. Humphrey is misplaced.  The holding of Heck precludes a plaintiff

4  from challenging a current conviction or confinement in a civil rights action as the proper forum for

5  an action that calls into question the propriety of current confinement is a habeas corpus action.

6    The time for plaintiff filing a habeas action that challenges his release date on a prior

7  conviction has elapsed.  As of April 16th, 1999 plaintiff was not in custody.  A habeas filing

8  challenging his prior conviction would be inappropriate.

9    The propriety of his current confinement at the Special Commitment Center is not an issue

10  before this court.  This action seeks damages for failing to release plaintiff from the Department of

11  Corrections on his early release date.  Plaintiff did not seek release from his current confinement or a

12  ruling that the civil commitment proceedings were invalid.  Accordingly, this action is time barred

13  and should be **DISMISSED WITH PREJUDICE**.

14                                    <u>CONCLUSION</u>

15    For the reasons outlined above the undersigned recommends **DISMISSAL WITH**

16  **PREJUDICE**.  A proposed order accompanies this Report and Recommendation.

17    Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the

18  parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R.

19  Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.

20  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is

21  directed to set the matter for consideration on **June 17th, 2005**, as noted in the caption.

22

23    DATED this 13th day of May, 2005.

24                                    /S/ *J. Kelley Arnold*
                                         J. Kelley Arnold
25                                    United States Magistrate Judge

26

27

28  REPORT AND RECOMMENDATION - 4